No. 37,357

NORMAN C. ALLEN, *Petitioner*, v. ROBERT H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent*.

(198 P. 2d 170)

Opinion filed October 9, 1948.

*John E. Buehler*, of Atchison, argued the cause, and was on the briefs for the petitioner.

*Harold R. Fatzer*, assistant attorney general, argued the cause, and *Edward F. Arn*, attorney general, was with him on the briefs for the respondent.

The opinion of the court was delivered by

HARVEY, C. J.: On April 17, 1946, Norman Allen appeared with his attorney in the district court of Crawford county, Kansas, and entered his plea of guilty to an information which charged him with burglary in the first degree and in a separate count with forcible rape, and was duly sentenced to the state penitentiary upon his plea. He is now serving the sentence in our state penitentiary. He has filed this petition for a writ of habeas corpus, seeking his discharge from imprisonment upon two grounds:

*First*, that he was prosecuted under an information filed by the county attorney and not upon an indictment found by the grand jury. This point is not well taken. (See *Bailey v. Hudspeth*, 164 Kan. 600, 191 P. 2d 894.)

*Second*, that in the preparation of the journal entry of his plea and sentence our statute (G. S. 1947 Supp. 62-1516) was not complied with in that the journal entry did not set out the sections of the statute under which he was charged and under which he was sentenced. This does not make the sentence void. The statute was enacted to enable anyone interested in his imprisonment to determine definitely and readily the sections of the statute under which he was charged and under which he was sentenced. The omissions

of the references to those statutes in the journal entry simply makes it incomplete. The journal entry should be completed as outlined in *Wilson v. Hudspeth,* No. 37,356, this day decided.

The writ prayed for is denied.